IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00552-PAB-CYC

SHEHERYAR ALAM QAZI,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendant United States of America moves to dismiss plaintiff Sheheryar Alam Qazi's complaint. Because the plaintiff's claim is untimely under the Federal Tort Claims Act ("FTCA"), the Court **RECOMMENDS** that the motion, ECF No. 47, be **GRANTED**. The Court also **DENIES as moot** the plaintiff's motion for preliminary and limited discovery. ECF No. 44.

## BACKGROUND

According to the Amended Complaint, whose factual allegations the Court accepts as true for this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the plaintiff, a federal prisoner at USP Florence ADMAX (the "ADX"), suffers from several spine disorders that cause lower back pain. ECF No. 37 at 7. He was prescribed a treatment plan, which included receiving three epidural injections from an offsite pain management clinic, each six months apart and requiring its own medical trip. *Id.* He waited five months before receiving his first injection but it was ineffective, necessitating a follow-up injection. *Id.* at 8. Nevertheless, the plaintiff did not receive his second injection until seventeen months later. *Id.* 8–9. The plaintiff also brings a second

1

claim alleging that the defendant waited two years to schedule him for a required surgery. *Id.* at 10–11.

This is not the plaintiff's first action relating to these claims. On February 1, 2023, the plaintiff commenced an action asserting that the defendant failed to remedy his "backbone ailment."[1] *See* Compl., *Qazi v. USA*, No. 1:23-cv-00292-LTB ("*Qazi I*"), ECF No. 1 (D. Colo. Feb. 1, 2023). A magistrate judge reviewed the plaintiff's filings in that case, *see* D.C.COLO.LCivR 8.1(b), and ordered the plaintiff to "file a new, fully-completed Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, including his prisoner's trust fund statement/certificate of prison official, and authorization to calculate and disburse filing fee payments." Order Directing Plaintiff to Cure Deficiencies, *Qazi I*, ECF No. 4 (D. Colo. Feb. 9, 2023). But the plaintiff never did so and, accordingly, the Court dismissed *Qazi I* without prejudice for failure to prosecute. Order of Dismissal, *Qazi I*, ECF No. 7 (D. Colo. Oct. 2, 2023).

The plaintiff then filed in *Qazi I* a motion to amend or alter the judgment, or to reconsider, and eleven days later filed a motion and affidavit to proceed in forma pauperis, which were both denied. Mot. to Alter or Amend the J., or Recons., *Qazi I*, ECF No. 9 (D. Colo. Oct. 16, 2023); Prisoner's Mot. and Aff. for Leave to Proceed Pursuant to 28 U.S.C. 1915, *Qazi I*, ECF No. 10 (D. Colo. Oct. 27, 2023); Order, *Qazi I*, ECF No. 11 (D. Colo. Nov. 13, 2023). He also filed a second Motion to Alter or Amend the Judgment, which was similarly denied. Second Rule 59(e) Motion, *Qazi I*, ECF No. 12 (D. Colo. Dec. 18, 2023); Minute Order, *Qazi I*, ECF No. 12 (D. Colo. Dec. 28, 2023). On the same day that he filed his second motion Rule 59(e) motion, the plaintiff filed a Notice of Appeal. Notice of Appeal, *Qazi I*, ECF No. 14 (D. Colo. Dec. 18,

---

[1] The Court may "take judicial notice of . . . facts which are a matter of public record," *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020), such as the plaintiff's previous case in this Court.

2023). While he awaited the appeal's result, he filed a motion to reopen his case pursuant to Federal Rule of Civil Procedure 60(b), which was denied. Minute Order, *Qazi I*, ECF No. 21 (D. Colo. Feb. 20, 2024). Ultimately, his appeal was dismissed for failure to prosecute. USCA Order, *Qazi I*, ECF Nos. 22 (D. Colo. Mar. 19, 2024).

Before receiving the Court of Appeals' order, the plaintiff commenced this action on February 26, 2024 ("*Qazi II*"). ECF No. 1. This motion followed. ECF No. 47.

## **ANALYSIS**

The defendant moves to dismiss the Amended Complaint as barred by the FTCA's statute of limitations. "Although timeliness is an affirmative defense, if the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Farhat v. United States*, No. 21-7061, 2022 WL 2840483, at *5 (10th Cir. July 21, 2022) (citation modified) (quoting *Chance v. Zinke*, 898 F.3d 1025, 1031 (10th Cir. 2018)).

Accordingly, the defendant invokes Federal Rule of Civil Procedure 12(b)(6)'s authorization to dismiss a complaint for "failure to state a claim upon which relief can be granted." A district court faced with such a motion evaluates whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The relevant statute of limitations is in the FTCA itself. A plaintiff seeking to bring an FTCA claim must first "present[]" it "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Then, "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented," the claim is "forever barred." *Id.*; *see also Mabbett v. Comm'r*, 610 F. App'x 760, 765 n.7 (10th Cir. 2015).

3

Here, the plaintiff concedes that he received notice of the denial of his administrative claim by August 2022. ECF. No. 37. He filed this action some eighteen months later. The action is therefore untimely.

The plaintiff protests. *Qazi I* came ten days before the allowed six months expired. He filed *Qazi II* before *Qazi I*'s end, he says, making it timely. ECF No. 53 at 7.

Liberally construed, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), there are two species to this argument. The first tries to relate *Qazi II* back to *Qazi I*. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Barnes v. United States*, 776 F.3d 1134, 1143 (10th Cir. 2015) (quoting Fed. R. Civ. P. 15(c)(1)(B)). But the relation back doctrine only "applies to an amendment to a pleading in the *same* action." *Id.* Indeed, "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (quoting *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994)). Because the plaintiff commenced a new action instead of amending his complaint, the relation back doctrine does not save him.

The second is that the judgment was not final until after the court ruled on his Rule 60(b) motion and that he filed this action just days after that ruling. ECF No. 53 at 4. But because *Qazi I* was dismissed without prejudice, it is "treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (collecting cases). Indeed, "[a] dismissal without prejudice just means that the plaintiff isn't barred 'from refiling the lawsuit *within the applicable limitations period*.'" *Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) (quoting *Dismissal*, Black's Law Dictionary (10th ed. 2014)). Thus, regardless

of whether *Qazi I*'s judgment was final at the time of that plaintiff filed this action, that action has no effect on this case's timeliness.

The plaintiff shifts his focus, relying on equitable tolling to save his claims. ECF No. 53 at 8. True, "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). But under "long-settled equitable-tolling principles . . . 'a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (emphasis omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff fails to carry that burden.

For one thing, he does not demonstrate his diligent pursuit of his rights. *Qazi I* was dismissed for failure to prosecute. Order of Dismissal, *Qazi I*, ECF No. 7 (D. Colo. Oct. 2, 2023). The plaintiff later took action to try to reverse that decision, including an appeal, but the appeal, too, was dismissed for failure to prosecute. USCA Order, *Qazi I*, ECF Nos. 22 (D. Colo. Mar. 19, 2023). "A dismissal without prejudice for failure to prosecute does not toll the statute of limitations," *East v. Eidson*, No. 1:15-CV-099-P-BL, 2016 WL 1060343, at *3 (N.D. Tex. Feb. 24, 2016) (citing *Williams v. Cook*, 264 F.3d 1142, 2001 WL 822777, at *1 (5th Cir. 2001)), *report and recommendation adopted*, 2016 WL 1028235 (N.D. Tex. Mar. 15, 2016). And a record of such dismissals cannot be construed as diligence.

For another, there are no extraordinary circumstances warranting tolling here. "The Tenth Circuit has held that equitable tolling of time limitations is appropriate where the circumstances of the case rise to the level of active deception, where a plaintiff has been lulled into inaction by h[is] past employer, state or federal agencies, or the courts, or where a plaintiff . . . has in some extraordinary way been prevented from asserting his or her rights." *Aguilar v. Mgmt. & Training*

5

*Corp.*, No. CV 16-050 WJ/GJF, 2017 WL 4277139, at *12 (D.N.M. Jan. 27, 2017) (citation modified), *report and recommendation adopted*, 2017 WL 4534874 (D.N.M. Feb. 15, 2017). Here, the plaintiff asserts that the ADX mishandled his mail, precluding him from receiving the *Qazi I* order telling him to cure certain deficiencies. ECF No. 53 at 8. But even if that qualifies as extraordinary circumstances, the plaintiff's assertion of his rights in this case is not the result of prompt action thereafter. The plaintiff did not, for example, move to amend his complaint or commence a new proceeding quickly upon learning of *Qazi I*'s dismissal. Instead, he simply tried to undo that dismissal before ever trying to assert his rights in this case, even though *Qazi I* explicitly advised him months before this action that he could "initiate a new action." Order Den. Mot. to Recons. 3, *Qazi I*, ECF No. 11 (D. Colo. Nov. 13, 2023). Any purported mishandling of his mail, then, did not directly prevent him from filing this action in a timely manner. *See, e.g.*, *Kolak v. Backerville*, No. 1:22-CV-02743-DDD-KAS, 2024 WL 1239936, at 2–3 (D. Colo. Mar. 21, 2024), *reconsideration denied*, 2024 WL 6475453 (D. Colo. May 6, 2024), and *aff'd,* No. 24-1182, 2025 WL 1233581 (10th Cir. Apr. 29, 2025). As such, the statute of limitations is not tolled, and the plaintiff's claim is untimely.

The plaintiff has a final attack. He says that his second claim cannot be untimely because it is a continuing tort, with the most recent event coming within the statute of limitations period. ECF No. 53 at 2. But this argument also fails. Under the continuing tort doctrine, "the claim continues to accrue as long as tortious conduct continues, although the plaintiff's recovery is limited by the statute of limitations to the two-year period dating back from when the plaintiff's complaint was filed." *Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003). That, however, is limited to when a claim accrues, and does not give the plaintiff six months from claim accrual to commence his action. *See, e.g.*, *Sandoz v. United States*, No. CV 15-3697, 2016

6

WL 1545662, at *6 (E.D. La. Apr. 15, 2016). The statute unambiguously states that a plaintiff has six months from the date of the agency's mailing of the denial of an FTCA claim to file an action in federal court — not the date of claim accrual. 28 U.S.C. § 2401(b). The plaintiff failed to do so. As such, the statute of limitations bars this claim.

The Court recognizes that the dismissal of *Qazi I* for a failure to prosecute may seem harsh because while nominally one without prejudice, in effect, it has become a dismissal with prejudice. *See Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533–34 (10th Cir. 2017) (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009)). But evaluating *Qazi I* is beyond the scope of this opinion. The short of it is that the plaintiff needed to file this action within six months of the agency's denial of his claim to be timely. It came far later than that, and the existence of *Qazi I* does not make this action timely.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the defendant's motion, ECF No. 47, be **GRANTED** and that the Amended Complaint be **DISMISSED** without prejudice.[2]

---

[2] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

The Court **ORDERS** that the plaintiff's motion for preliminary and limited discovery, ECF No. 44, be **DENIED as moot**.

Respectfully submitted this 17th day of December, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge